# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISDTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Selena Boston, Jalisa Rhodes, ) | |
| Lutisha Martinez, and Lanette Washington, ) | |
| ) | **CIVIL FILE ACTION NO**. |
| Plaintiffs, ) | _____ |
| v. ) | |
| ) | |
| Micah Sierra 'Katt' Williams, Tatiana ) | **JURY TRIAL DEMANDED** |
| Smith and John Doe 1-15, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Selena Boston, Jalisa Rhodes, Lutisha Martinez and Lanette Washington, plaintiffs in the above-styled case, by and through their undersigned counsel, and hereby files this personal injury action against Defendants Micah "Katt" Williams ("Katt Williams"), Tatiana Smith ("Smith"), and John Does 1-15, and in support thereof, allege as follows:

## INTRODUCTION

1.

This action is brought pursuant to Georgia state law based on claims of assault, battery, false imprisonment, slander, intentional infliction of emotional distress and negligence against plaintiffs Boston, Rhodes, Martinez and Washington who sustained injuries at the hands of and as a result of the conduct of Defendants Katt Williams, Smith, and John Does 1-15 in Atlanta, Fulton County, Georgia.

## PARTIES

2.

Plaintiffs Selena Boston ("Boston"), Jalisa Rhodes ("Rhodes"), Lutisha Martinez ("Martinez") and Lanette Washington ("Washington") are, and at all times relevant hereto, residents of the State of North Carolina and submit themselves to the jurisdiction of this Court.

3.

Defendant Katt Williams is a resident of the State of Georgia and reside at 5343 Legends Drive, Braselton, Gwinnett County, Georgia at all times relevant hereto was a resident of the State of Georgia. Defendant Katt Williams may be served with process at this address.

4.

Defendant Smith is a resident of the State of Georgia and reside at 5343 Legends Drive, Braselton, Gwinnett County, Georgia, at all times relevant hereto was a resident of the State of Georgia. Defendant Smith may be served with process at this address.

5.

Plaintiffs do not know the true names of the defendants named in this Complaint by fictitious names or otherwise thus, the unmodified term "defendant" refers to all defendants whether set forth in this Complaint by their true names or fictitious name. Notwithstanding, upon information and belief, at all relevant times hereto, each Defendant was the agent, servant, partner and/or employee of Defendant Katt Williams and/or Smith and was acting at all relevant times within the course and scope of his or her respective agency and employment.

**JURIDICTION AND VENUE**

6.

Plaintiffs submit to the jurisdiction of this Court. Defendants Katt Williams and Smith are residents, have a business and/or office in, or registered agent for service residing in the State of Georgia. This Court has personal jurisdiction over the parties to this action and the claims pled herein pursuant to U.S.C. §1332.

7.

The venue of this action is proper in the Northern District of Georgia as the incident made the basis of this lawsuit occurred in Fulton County, Georgia.

8.

The amount in controversy sought by plaintiffs far exceed the $75,000 jurisdictional amount, not counting interest and costs of court, because there are four ("4") named plaintiffs with six ("6") causes of action.

9.

Jurisdiction and venue are proper with this Court.

## FACTS COMMON TO ALL COUNTS

10.

On or about February 28, 2016 at approximately 2:00 a.m., Plaintiffs were attempting to visit local lounge (hereinafter "the Establishment") located at 817 West Peachtree Street, Atlanta, Fulton County, Georgia, when they encountered Defendant Katt Williams, his entourage, and his personal security team. Immediately prior to their encounter approximately fifteen ("15") people exited approximately seven (7) black SUV vehicles.

11.

Defendant Katt Williams approached the plaintiffs while they were walking toward the Establishment. At said time and place, plaintiffs Boston and Martinez requested Defendant Katt Williams take a photograph with them.

12.

Defendant Katt Williams took photographs with plaintiffs. Plaintiff Boston showed no interest in taking a photograph with Defendant Katt Williams and began to walk away toward the Establishment.

13.

Defendant Katt Williams became angry and irate and while following the plaintiffs, began to verbally attack Boston while repeatedly referring to her as a "bitch" and "Big Freeda." Plaintiff Boston responded by saying comedian "Kevin Hart [was] funnier" than Defendant Katt Williams.

14.

Defendant Katt Williams retreated to one of the seven black SUVs and returned with three (3) females who began to physically attack the plaintiffs.

15.

Defendant Katt Williams tackled plaintiff Boston to the ground and he and Defendant Smith continued to physically and violently attack her, including but not limited to, striking her about her head with their fists, kicking and stomping her with their feet and ripping the crotch from her clothing.

16.

While the Defendant Smith was attacking plaintiff Boston, Defendant Katt Williams violently snatched the plaintiffs' cellphones and shoes and threw the items across Cypress Street.

17.

Plaintiff Washington attempted to render aid to plaintiff Boston when she was violently and physically attacked by one of the females and Defendant Katt Williams' security detail, including but not limited to, being kicked on her right leg causing her injuries.

18.

While plaintiff Rhodes was attempting to re-enter their vehicle, one of Defendant Katt Williams' security detail violently snatched Rhodes' cellphone from her hand resulting in her hand being fractured.

19.

Plaintiff Martinez ran back to her vehicle in order to call 9-1-1. Plaintiff Martinez was chased and physically and violently attacked by one of Defendant Katt Williams' security details.

20.

Said security detail grabbed and tossed plaintiff Martinez into the street and away from her vehicle; entered her vehicle and took her cellphone to prevent her from calling 9-1-1.

21.

The plaintiffs were eventually able to escape to re-enter their vehicle, locked the doors and repeatedly called 9-1-1, however, plaintiffs were prevented from leaving the scene of the incident because the front and back of their vehicle was blocked by three of Defendant Katt Williams' SUVs.

22.

Moreover, Defendant Katt Williams stood in front of their vehicle and pointed a gun toward the plaintiffs while "flashing" street gang signs.

23.

Defendant Katt Williams also spat on the vehicle the plaintiffs occupied while one the three ("3") females took photographs of their vehicle.

24.

Plaintiff Boston sustained injuries to her entire body, including injuries to her head, neck, back, hand and busted knees. As a result of her injuries, plaintiff Boston had to seek medical treatment at a local hospital emergency room.

25.

Plaintiff Martinez sustained injuries to her entire body including bruises and contusions to her legs, back, knees and foot.

26.

Plaintiff Rhodes sustained injuries to her entire body, including contusion to her eye and a fractured hand. As a result of her injuries, Plaintiff Rhodes had to seek medical treatment at a local hospital emergency room and thereafter.

27.

Plaintiff Washington sustained injuries to her entire body including bruises and contusions to her knee.

28.

After the incident, Defendant Katt Williams told the police and numerous media outlets the plaintiffs approached him and began "harassing, filming and taking pictures of him and wouldn't get away from him."

29.

Defendant Katt Williams also informed numerous media outlets the plaintiffs became angry and one of them snatched his chain from his neck, and only began fighting with the plaintiffs because he felt his property had been stolen.

30.

Defendant Katt Williams further informed numerous media outlets "[h]is security team then saw what was going on and began to approach the [plaintiffs]" and "[a]t one point during the scuffle, one of the females stated she was going to her car to get something to 'pop somebody.'"

31.

Plaintiffs did not at any time incite Defendant Katt Williams, his entourage or security detail; call the Defendant a name, or refer to Defendant in any insulting or disparaging way, nor did plaintiffs attempt to steal the Defendant Katt Williams' chain necklace.

32.

As a direct and proximate result of the Defendant Katt Williams' and Defendant Smith's conduct, plaintiffs suffered physical, emotional and reputational injuries.

### COUNT ONE

### Assault Pursuant to O.C.G.A. § 51-1-14

33.

Plaintiffs incorporate by reference the facts set forth above.

34.

On or about February 28, 2016, Defendants intentionally, willfully, wantonly and maliciously threatened and physically attacked the plaintiffs, spat on the vehicle the plaintiffs accompanied by the plaintiffs and pointed a gun at the plaintiffs while they were confined in their vehicle in a manner so as to cause plaintiffs reasonable apprehension of imminent harm, and to reasonably believe they were about to be struck

in a harmful and offensive manner. Due to Defendants' prior acts of threats toward plaintiffs, including, but not limited to, actually hitting plaintiffs, a reasonable person in plaintiffs' situation would have been offended by the threatened, violent touching.

35.

At no time during the events described herein, nor at any time prior thereto, did plaintiffs consent to any of Defendants' threatened conduct.

36.

As a direct and proximate result of the actions of Defendants threats, coupled with their present ability to carry them out, plaintiffs felt the imminent apprehension of such contact, and they therefore suffered severe emotional distress and other injuries to their person.

37.

As a direct and proximate result of the actions of Defendant, Plaintiff sustained injuries to his person which necessitated medical care and treatment for which Plaintiff incurred hospital, medical and incidental expenses.

## COUNT TWO

### Battery Pursuant to O.C.G.A. § 51-1-13

38.

Plaintiffs incorporate by reference the facts set forth above.

39.

On or about February 28, 2016, Defendants intentionally and recklessly did acts which resulted in offensive contact with the plaintiffs' person, including but not limited to: violently physically attacking the plaintiffs about their person.

40.

Defendants did these acts with the intent to cause a harmful or offensive contact with the body of the plaintiffs.

41.

As a direct and proximate result of such acts of the Defendants, plaintiffs sustained injuries to their entire body, including but not limited to, hand, face, torso, arms and legs which necessitated medical care and treatment, for which plaintiffs incurred hospital, medical and incidental expenses.

## COUNT THREE

### False Imprisonment

42.

Plaintiffs incorporate by reference the facts set forth above.

43.

On or about February 28, 2016, Defendants intentionally and unlawfully detained and/or restrained the plaintiffs in their vehicle against their will and without their consent.

44.

More particularly, the plaintiffs were eventually able to escape the physical attacks of the Defendants and their entourage and security detail to re-enter their vehicle. The plaintiff locked their car door and repeatedly called 9-1-1.

45.

Plaintiffs were prevented from leaving away from the scene of the incident because the front of their vehicle was blocked by two of the black SUVs and another vehicle blocked their vehicle from behind.

46.

Moreover, Defendant Katt Williams stood in front of their vehicle and pointed a gun toward the plaintiffs while "flashing" gang signs.

47.

As a direct and proximate result of Defendants' acts, plaintiffs suffered actual physical, financial and emotional harm.

## COUNT FOUR

### Intentional Infliction of Emotional Distress Pursuant to O.C.G.A. § 51-12-6

48.

Plaintiffs incorporate by reference the facts set forth above.

49.

Upon information and belief, plaintiffs allege such acts of Defendants were intentional, extreme and outrageous. At the time and place described herein, Defendants verbally attacked plaintiff while repeatedly referring to Plaintiff Boston as a "bitch" and "Big Freeda." Defendants physically attacked the plaintiffs by, including but not limited to, tackling and striking them about their person, kicking and stomping them, ripping the crotch from their clothing, and snatching their cellphones, shoes and other personal items; by pointing a gun at the plaintiffs and "flashing" gang signs while being unlawfully restrained in their vehicle.

50.

Plaintiffs believe and allege that such actions were done deliberately, with the intent to cause serious emotional distress or with reckless disregard of the probability of causing plaintiffs serious emotional distress.

51.

As a direct and proximate result of Defendants' acts, plaintiffs suffered severe emotional distress and continues to suffer emotional distress.

## COUNT FIVE

### Negligence

52.

Plaintiffs incorporate by reference the facts set forth above.

53.

On or about February 28, 2016, Defendants negligently, carelessly, recklessly and wantonly caused injury to plaintiffs in that among other things, physically attacked tackling and striking them about their person, kicking and stomping them, ripping the crotch from their clothing, snatching their cellphones, shoes and other personal items and also by pointing a gun at the plaintiffs and "flashing" gang signs while being unlawfully restrained in their vehicle.

54.

As a direct and proximate result of the negligence, carelessness, recklessness and wantonness of Defendants, plaintiffs sustained injuries to their entire body, including

but not limited to, hand, face, torso, arms and legs which necessitated medical care and treatment, for which plaintiffs incurred hospital, medical and incidental expenses.

## COUNT SIX

### Slander Pursuant to O.C.G.A. § 51-5-4, O.C.G.A. § 51-5-5

55.

Plaintiff incorporates by reference the facts set forth above.

56.

After the incident, Defendant Katt Williams told the police and numerous media outlets the plaintiffs approached him and began "harassing, filming and taking pictures of him and wouldn't get away from him."

57.

Defendant Katt Williams also informed numerous media outlets the plaintiffs became angry, one of them snatched his chain from his neck and only began fighting with the plaintiffs because he felt his property had been stolen.

58.

Defendant Katt Williams further informed numerous media outlets "[h]is security team then saw what was going on and began to approach the [plaintiffs]" and "[a]t one

point during the scuffle, one of the females stated she was going to her car to get something to 'pop somebody.'"

59.

Plaintiffs did not at any time incite Defendant Katt Williams or his entourage or security detail, call the Defendant a name, or refer to Defendant in any insulting or disparaging way, and Plaintiffs did not attempt to steal the Defendant Katt Williams' chain necklace.

60.

On or about February 29, 2016, subsequent to the incident made the basis of this lawsuit, Defendant Katt Williams attacked a store clerk at Leslie's Pool Supplies located in Hall County, Georgia by throwing numerous items at the store clerk, striking him on the head and body, after coming behind the store counter and punching the store clerk in the face. Defendant subsequently accused the store clerk at Leslie's Pool Supplies of being a racist.

61.

Moreover, Defendant Katt Williams had engaged in similar conduct at the Vape store next door to Leslie's Pool Supplies and had told a customer upon leaving the Vape store he was going to go next door to "mess with them".

62.

On February 28, 2016, Defendant Katt Williams also falsely imprisoned and physically and violently attached Corey Dixon, a individual who was a personal security detail for the Defendants at the time of the incident that is the subject of this action.

63.

Defendant Katt Williams claims of thief and assault are harmful to plaintiffs' character, not only in society at large, but particularly as they relate to their respective professions and careers where honesty and professional conduct and behavior are part of the job duties.

64.

As a direct and proximate result of the defamatory statements made by the Defendant about the plaintiffs, plaintiffs have suffered severe emotional distress, as well as damages to their individual and collective, character and reputation.

## COUNT SIX

### Punitive Damages Pursuant to O,C.G.A. § 51-12-5.1

65.

Plaintiffs incorporate by reference the facts set forth above.

66.

The Defendants targeted the plaintiffs.

67.

Defendants' intentional and premeditated acts showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

68.

Plaintiffs, therefore, pursuant to O.C.G.A. § 51-12-5.1(b), are entitled to recover punitive damages against Defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on all counts set forth in their Complaint and as follows:

(a) Defendants be served with process and summons;

(b) For a trial by jury;

(c) For a judgment in plaintiffs' favor and against Defendants, jointly and severally;

(d) For the sum of $5,000,000.00 for each plaintiff in future general/compensatory damages, to include pain and suffering,

emotional distress and mental anguish suffered by each plaintiff because of the Defendants' conduct;

(e) For special damages, to include medical and incidental expenses;

(f) For punitive damages in an amount to be determined at trial of this case;

(g) For pre-judgment and post-judgment interest;

(h) For reasonable attorney fees, costs and expenses in bringing of this action against the Defendants; and

(i) Granting any and all such other and further legal and equitable relief as the Court deems necessary, just and proper.

This the 21th day of January 2022.

          **HALE LAW FIRM, P.C.**

          **/s/LOLETHA DENISE HALE**
          **LOLETHA DENISE HALE, ESQ.**
          Georgia Bar No.  317523

Attorney for Plaintiffs
Post Office Box 793
Jonesboro, Georgia  30237
Ph: 678.610.0970
halelawfirmpc@yahoo.com